ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| MANAGEMENT ADVISORS DE PUERTO RICO, INC.<br><br>Apelante<br><br>v.<br><br>MARYVONNE BIASCOCHEA MARTÍNEZ DE ANDINO; JAVIER ENRIQUE CURBELLO ARROYO; MAJAPR, LLC<br><br>Apelados | TA2026AP00524 | Recurso de *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.: CA2024CV01175<br><br>Sobre: Compraventa; Nulidad de Contrato |

Panel integrado por su presidenta la Jueza Romero García, el Juez Monge Gómez y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 25 de junio de 2026.

Comparece Management Advisors de Puerto Rico, Inc. ("Management Advisors" o "Apelante") mediante un recurso de *Apelación* y nos solicita que revoquemos una *Sentencia* parcial emitida el 24 de noviembre de 2025, notificada el 3 de diciembre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Carolina ("TPI"). En virtud del aludido dictamen, el TPI, sumariamente, determinó la validez del contrato de compraventa objeto de la demanda.

Por los fundamentos que proceden, se *revoca* la *Sentencia* apelada.

**I.**

El 12 de abril de 2024, Management Advisors presentó una *Demanda* sobre nulidad de contrato, entre otras, en contra de Maryvonne Biascoechea Martínez de Andino ("señora Biascoechea"), MAJAPR, LLC. ("MAJAPR") y Javier Enrique Curbello Arroyo ("señor Curbello") (en conjunto, "Apelados"). Alegó que, el 21 de septiembre de 2023, la señora Biascoechea, en común acuerdo con el señor Curbello, compareció fraudulentamente, en representación de Management Advisors, mediante una escritura de compraventa. Sostuvo que, a través de la Escritura Núm. 12, la señora Biascoechea le vendió a MAJAPR un

inmueble perteneciente a Management Advisors, sin autorización, en incumplimiento con su deber de lealtad y fiducia. Por tanto, solicitó que se decretara la nulidad del contrato y, consecuentemente, se ordenara la cancelación del asiento en el Registro de la Propiedad. Asimismo, peticionó el pago de $75,000.00, por concepto de daños y perjuicios.

Tras varias instancias procesales, el 10 de marzo de 2025, la señora Biascoechea radicó una *Solicitud de Sentencia Sumaria Parcial*. En síntesis, manifestó que, al momento del negocio jurídico, para el cual se suscribió la correspondiente resolución corporativa, era la presidenta, agente residente y secretaria de Management Advisors. Expuso, además, que, como parte de la compraventa, MAJAPR entregó un cheque por la cantidad de $300,000.00. Ante ello, arguyó que el acto jurídico era válido, ya que estuvieron presentes los tres elementos indispensables para todo contrato, entiéndase, consentimiento, objeto y causa. Asimismo, señaló que, de las alegaciones de la *Demanda* no surgía que el consentimiento fue prestado mediando error, violencia, intimidación o dolo. Ante ello, peticionó que se determinara la validez del contrato de compraventa.

En igual fecha, notificada el día siguiente, el TPI le concedió a Management Advisors un término de veinte (20) días para presentar su oposición a la *Solicitud de Sentencia Sumaria Parcial*. Transcurrido el plazo otorgado, sin la comparecencia de la parte apelante, el 1 de abril de 2025, el foro de instancia dispuso que la solicitud de sentencia sumaria quedó sometida para adjudicación.

Posteriormente, el 15 de octubre de 2025, Management Advisors presentó una *Moción en Solicitud de Sentencia Sumaria Parcial*. Reconoció que el caso de marras podía ser resuelto por la vía sumaria. No obstante, expuso que el fraude cometido por la señora Biascoechea, en común acuerdo con el señor Curbello, como representante de MAJAPR, quedó evidenciado. Como resultado, adujo que procedía dictar sentencia sumaria a su favor. Puntualizó que la resolución corporativa presentada por la señora Biascoechea no fue aprobada por la única accionista de Management Advisors, la entidad Inmobiliaria Management Advisor Limitada, sino por la Junta de Directores de la corporación apelante.

Sostuvo, a su vez, que el señor Curbello entregó un cheque a sabiendas de que no existían fondos disponibles en la cuenta de MAJAPR. Alegó, a su vez, que la señora Biascoechea nunca depositó el cheque. Siendo así, arguyó que no hubo una contraprestación real o causa lícita, razón por la cual el negocio jurídico no fue válido. Cónsono con lo anterior, solicitó que se decretara la nulidad del contrato de compraventa.

El 23 de octubre de 2025, la señora Biascoechea radicó una *Moción Solicitando Posposición de Resolución sobre Sentencia Sumaria radicada por la Parte Demandante*. Manifestó que la solicitud instada por Management Advisors representaba un intento de oponerse a la *Solicitud de Sentencia Sumaria Parcial* ya sometida ante la consideración del TPI desde el mes de abril. Así dispuesto, solicitó que, previo a resolver la moción presentada por Management Advisors, se resolviera su solicitud de sentencia sumaria.

El 20 de noviembre de 2025, notificada el día siguiente, el TPI emitió una *Orden* mediante la cual indicó que, en primera instancia, estaría resolviendo la solicitud de sentencia sumaria presentada por la señora Biascoechea. Consecuentemente, el 24 de noviembre de 2025, notificada el 3 de diciembre de 2025, dictó una *Sentencia* en virtud de la cual declaró Ha Lugar la *Solicitud de Sentencia Sumaria Parcial* peticionada por la señora Biascoechea. Atinente a la controversia ante nos, precisó lo siguiente:

> La parte demandante tuvo amplia oportunidad para oponerse a la referida solicitud y no lo hizo. Ante esta situación, no hay controversia que el contrato de compraventa es válido, ya que concurren sus tres elementos indispensables, consentimiento, objeto y causa. Tampoco es un contrato nulo, ya que en las alegaciones de la demanda no se está reclamando que el consentimiento fue prestado mediando error, violencia, intimidación o dolo. Los otorgantes comparecieron ante una abogada-notario, acordaron un precio para dicha compra, se sometieron al trámite legal correspondiente, firmaron una escritura que posteriormente fue presentada e inscrita en el Registro de la Propiedad.

> A la luz de lo antes expuesto, el Tribunal declara con lugar la solicitud de sentencia sumaria presentada por Marivonnde Biascochea Martínez y dicta sentencia parcial declarando que el contrato de compraventa objeto de la demanda es válido, ya que concurren sus tres elementos indispensables, consentimiento, objeto y causa.[1]

---

[1] Apéndice del recurso, Entrada Núm. 69, pág. 12.

Como corolario, el 16 de diciembre de 2025, el señor Curbello presentó una *Moción Solicitando Desestimación a tenor con la Sentencia Parcial dictada*. Expuso que, debido a que el foro de instancia decretó la validez del contrato, no procedía la reclamación sobre daños y perjuicios. Por tanto, razonó que se debía desestimar la demanda. El día siguiente, el foro de instancia emitió una *Orden* en virtud de la cual le concedió a Management Advisors un término de veinte (20) días para expresarse en cuanto a la solicitud de desestimación.

Inconforme con la *Sentencia*, el 18 de diciembre de 2025, Management Advisors presentó una *Moción en Solicitud de Reconsideración*. Por otra parte, el 7 de enero de 2026, Management Advisors presentó una *Moción en Cumplimiento de Orden*. En resumidas cuentas, arguyó que la resolución de la solicitud de desestimación presentada por el señor Curbello debía posponerse hasta la adjudicación de su *Moción en Solicitud de Sentencia Sumaria Parcial* y su *Moción en Solicitud de Reconsideración*.

El 18 de enero de 2026, la señora Biascoechea radicó una *Oposición a Reconsideración*. Asimismo, el 7 de abril de 2026, la señora Biascoechea presentó una *Moción Informativa*. En esta, señaló que el TPI dictó una *Sentencia* en virtud de la cual desestimó la demanda. Adujo que, de ser denegada la reconsideración solicitada por Management Advisors, finalizaría la reclamación presentada en su contra. Ante ello, solicitó que el TPI se expresara en cuanto a si estaría reconsiderando la *Sentencia*, ya que de ello dependería la continuidad del caso.

El 21 de abril de 2026, el TPI dictó una *Resolución Interlocutoria* mediante la cual denegó la *Solicitud de Reconsideración* instada por Management Advisors. A su vez, en igual fecha, notificada el 22 de abril de 2026, emitió una *Orden* a través de la cual dispuso lo siguiente:

> En vista que la sentencia sumaria parcial dictada a favor de Maryvonne Biascoechea Martínez De Andino t/c/c Marivonnde Biascochea Martínez De Andino, no es final y firme, el Tribunal coincide con el dema[n]dante, de paralizar cualquier determinación sobre la moción de desestimación presentada por MAJAPR, LLC y Javier Enrique Curbello Arroyo hasta que advenga una determinación final sobre la referida sentencia sumaria parcial.[2]

---

[2] *Véase*, Expediente del TPI, SUMAC, Entrada Núm. 84.

Consecuentemente, el 23 de abril de 2026, la señora Biascoechea instó una *Moción Solicitando se nos Excuse Comparecencia a Vista de Discusión de Informe con Antelación a Juicio.* Reiteró que la reclamación en su contra fue desestimada y solicitó que se le excusara de comparecer a los próximos señalamientos. En igual fecha, el foro de instancia emitió una *Orden* excusando a la señora Biascoechea de comparecer a la Vista de Discusión de Informe con Antelación a Juicio.

El 24 de abril de 2026, el señor Curbello notificó una *Moción Solicitando Paralización.* Señaló que la reclamación en su contra estaba íntimamente relacionada a la reclamación en contra de la señora Biascoechea, la cual fue desestimada. Razonó que, si la *Sentencia* se convierte en final y firme, tampoco prevalecería la reclamación en su contra. Añadió que, de ser revocada, la señora Biascoechea regresaría al pleito. Así dispuesto, solicitó la paralización de los procedimientos hasta que la *Sentencia* adviniera final y firme. A raíz de ello, el 26 de abril de 2026, notificada el día siguiente, el foro de instancia paralizó los procedimientos.

Insatisfecho aún con la *Sentencia,* el 20 de mayo de 2026, acudió ante nos mediante un recurso de *Apelación.* La parte apelante realizó los siguientes señalamientos de error:

> **Erró el Tribunal de Primera Instancia al desestimar la presente demanda y declarar con lugar la Solicitud de Sentencia Sumaria presentada por la codemandada Maryvonne Biascochea Martínez, al concluir que, debido a que la Parte Demandante no radicó una oposición formal, "no hay controversia" de que el contrato de compraventa es válido y que concurren sus tres elementos esenciales: consentimiento, objeto y causa.**
>
> **Erró el Tribunal de Primera Instancia al concluir que el contrato "[t]ampoco es nulo" porque "en las alegaciones de la demanda no se está reclamando que el consentimiento fue prestado mediando error, violencia, intimidación o dolo".**
>
> **Erró el Tribunal de Primera Instancia al adjudicar la Solicitud de Sentencia Sumaria presentada por la codemandada Maryvonne Biascochea Martínez sin examinar la totalidad del expediente judicial, limitando su análisis exclusivamente a los documentos que acompañaban dicha solicitud.**

El 23 de junio de 2026, la señora Biascoechea instó su *Alegato en Oposición*. Perfeccionado el recurso y contando con el beneficio de la comparecencia de las partes, nos encontramos en posición de resolver.

## II.

### -A-

El mecanismo de sentencia sumaria dispuesto en la Regla 36 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 36, permite a los tribunales disponer, parcial o totalmente, de litigios civiles en aquellas situaciones donde no exista controversia material de hecho que requiera ventilarse en un juicio plenario, y el derecho así lo permita. *Negrón Castro y otros v. Soler Bernardini y otros*, 216 DPR ____ (2025); 2025 TSPR 96. *León Torres v. Rivera Lebrón*, 204 DPR 20 (2020). Mediante el mismo, se procura profundizar en las alegaciones para verificar si, en efecto, los hechos ameritan dilucidarse en un juicio. *León Torres v. Rivera Lebrón, supra.* Este cauce sumario resulta beneficioso tanto para el tribunal, como para las partes en un pleito, pues se agiliza el proceso judicial, mientras simultáneamente se provee a los litigantes un mecanismo procesal encaminado a alcanzar un remedio justo, rápido y económico. *Íd.*

Al presentar una moción de sentencia sumaria, al amparo de la Regla 36.2 de Procedimiento Civil, *supra*, se deberá cumplir con los siguientes requisitos de forma: (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción sobre la cual se solicita la sentencia sumaria; (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (5) las razones por las cuales se debe dictar la sentencia, argumentando el derecho aplicable, y (6) el remedio que debe ser concedido. *Pérez Vargas v. Office Depot/Office Max, Inc.*, 203 DPR 687 (2019).

Al considerar la solicitud, el Tribunal deberá asumir ciertos los hechos no controvertidos que se encuentran sustentados por los documentos presentados por el promovente. *E.L.A. v. Cole,* 164 DPR 608, 626 (2005). La inferencia razonable que pueda surgir de los hechos y de los documentos se debe interpretar en contra de quien solicita la sentencia sumaria, pues sólo procede si bajo ningún supuesto de hechos prevalece el promovido. *Íd.*, pág. 625. Conforme a esta normativa procesal, la parte que desafía una solicitud de sentencia sumaria no puede descansar en las aseveraciones o negaciones consignadas en su alegación. *León Torres v. Rivera Lebrón, supra.* Por el contrario, viene obligada a enfrentar la moción de su adversario de forma tan detallada y específica como lo ha hecho el promovente en su solicitud puesto que, de incumplir, corre el riesgo de que se dicte sentencia sumaria en su contra, de la misma proceder en derecho. *Íd.*

En la oposición a una solicitud de sentencia sumaria, el promovido debe puntualizar aquellos hechos propuestos que pretende controvertir y, si así lo desea, someter hechos materiales adicionales que alega no están en disputa y que impiden que se dicte sentencia sumaria en su contra. *Íd.* Claro está, para cada uno de estos supuestos deberá hacer referencia a la prueba específica que sostiene su posición, según exigido por la Regla 36.3 de Procedimiento Civil. *Íd.* En otras palabras, la parte opositora tiene el peso de presentar evidencia sustancial que apoye los hechos materiales que alega están en disputa. *Íd.* Al evaluar los méritos de una solicitud de sentencia sumaria, el juzgador debe actuar guiado por la prudencia y ser consciente en todo momento que su determinación puede conllevar el que se prive a una de las partes de su día en corte, componente integral del debido proceso de ley. *Íd.*

Sin embargo, la sentencia sumaria generalmente no procederá cuando existan controversias sobre hechos esenciales materiales, o si la controversia del caso está basada en elementos subjetivos como intención, propósitos mentales, negligencia o credibilidad. *Rivera Rodríguez v. Rivera Reyes,* 168 DPR 193, 212 (2006). Además, existen casos que no se deben resolver mediante sentencia sumaria porque resulta difícil reunir la verdad de los hechos mediante

declaraciones juradas o deposiciones. *Jusino et als. v. Walgreens,* 155 DPR 560, 579 (2001). De igual modo, no es apropiado resolver por la vía sumaria "casos complejos o aquellos en los que estén presentes cuestiones de interés público". *Íd.,* pág. 579.

Por otro lado, sabido es que, cuando un Tribunal emita una sentencia, especificará los hechos que fueron probados y consignará separadamente sus conclusiones de derecho. Regla 42.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 42.2. Si el Tribunal deniega una moción de sentencia sumaria, no concede todo el remedio solicitado o no resuelve la totalidad del pleito, la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.4, expresa que "será obligatorio que el tribunal resuelva la moción mediante una determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos [...]". Lo anterior simplifica el desfile de prueba en el juicio, pues los hechos no controvertidos se consideran probados. *Ramos Pérez v. Univisión,* 178 DPR 200, 221 (2010).

Además, y según dispuesto por el Tribunal Supremo de Puerto Rico, los criterios de revisión apelativa ante una sentencia sumaria son los siguientes: (1) no se puede considerar prueba no presentada ante el nivel de instancia; (2) no se puede adjudicar hechos materiales en controversia; (3) la revisión apelativa es *de novo*; (4) se debe examinar el expediente de la manera más favorable hacia quien se opone a la solicitud de sentencia sumaria; (5) se debe observar que las mociones cumplan con los requisitos de la Regla 36 de Procedimiento Civil de 2009, *supra,* y lo discutido en *SLG Zapata Rivera v. JF Montalvo, 189 DPR 414 (2013)*; (6) debe exponer los hechos materiales controvertidos y los incontrovertidos si los hubiese; y (7) ante un caso donde no existan hechos materiales en controversia, el tribunal apelativo procederá a revisar *de novo* si el TPI aplicó correctamente el Derecho. *Meléndez González et al. v. M. Cuebas,* 193 DPR 100, 118-119 (2015). Asimismo, nuestro más Alto Foro señaló que:

[...] el Tribunal de Apelaciones debe: 1) examinar de *novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra*, y la jurisprudencia le exigen al foro primario; 2) revisar que tanto la moción de sentencia sumaria como su oposición cumplan con los requisitos de formas codificados en la referida Regla 36, *supra*; 3) **revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos**; 4) y de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar de *novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia. *Roldán Flores v. M. Cuebas,* 199 DPR 664, 679 (2018).

(Énfasis suplido)

Conforme a lo anterior, nos encontramos en la misma posición que el Tribunal de Primera Instancia para evaluar la procedencia de una sentencia sumaria. *González Santiago v. Baxter Healthcare*, 202 DPR 281 (2019). A tal efecto, nuestra revisión es una *de novo*, y el análisis debe regirse por las disposiciones de la Regla 36 de Procedimiento Civil, *supra*, y su jurisprudencia interpretativa. *Íd*. De esta manera, si encontramos que los hechos materiales realmente están incontrovertidos, debemos revisar de novo si el Tribunal de Primera Instancia aplicó correctamente el derecho. *Negrón Castro y otros v. Soler Bernardini y otros, supra*; *González Santiago v. Baxter Healthcare, supra*.

### III.

En el recurso que nos ocupa, la parte apelante nos solicita que revoquemos una *Sentencia* mediante la cual el TPI, sumariamente, determinó la validez del contrato de compraventa suscrito entre la señora Biascoechea y MAJAPR. Aduce que el foro de instancia erró al concluir que, ante la falta de oposición, no existía controversia en cuanto a la validez del negocio jurídico. Sostiene, asimismo, que incidió al concluir que el contrato no es nulo, ya que no se alegó que el consentimiento fue viciado. Así, también, manifiesta que cometió un error al no tomar en consideración la totalidad del expediente, limitándose al análisis de los documentos que acompañaron la *Solicitud de Sentencia Sumaria Parcial* presentada por la parte apelada.

De entrada, destacamos que la controversia del caso de marras siempre ha versado exclusivamente sobre la presunta nulidad del contrato de

compraventa y los daños sufridos como consecuencia. Conforme surge del expediente, previo a la notificación de la *Sentencia* apelada, tanto la señora Biascoechea, como Management Advisors, presentaron solicitudes de sentencia sumaria. Por un lado, la señora Biascoechea peticionó que se declarara la validez del contrato de compraventa. De otra parte, Management Advisors solicitó que se decretara la nulidad de ese mismo contrato de compraventa. En otras palabras, al peticionar que el foro de instancia determinara si el contrato de compraventa era válido, ambas partes solicitaron que se resolviera la controversia medular.

Al emitir la *Sentencia* apelada, el foro de instancia acogió la *Solicitud de Sentencia Sumaria Parcial* radicada por la señora Biascoechea. Consecuentemente, determinó que el contrato de compraventa era válido. No obstante, dejó pendiente la adjudicación de la *Moción en Solicitud de Sentencia Sumaria Parcial* instada por Management Advisors.

Tal proceder nos parece errado. Al momento de adjudicar la solicitud de sentencia sumaria instada por la señora Biascoechea, el foro de instancia debía tomar en consideración la petición radicada por Management Advisors. Esto, en atención a que la resolución de la solicitud presentada por la señora Biascoechea incide sobre la posterior adjudicación de la moción de sentencia sumaria instada por Management Advisors, ya que ambas peticiones solicitan remedios opuestos.

Peor aún, el foro de instancia se propone continuar los procedimientos, con la intención de resolver la solicitud radicada por la parte apelante en una etapa posterior. En caso de que la *Sentencia* aquí apelada advenga final y firme, la *Moción en Solicitud de Sentencia Sumaria Parcial* se tornaría académica. Como resultado, no es posible continuar con los procedimientos hasta tanto el foro de instancia adjudique ambas solicitudes. Por tanto, nos vemos obligados a revocar la *Sentencia* apelada, a los fines de que, previo a emitir una determinación, el foro de instancia aquilate las dos solicitudes de sentencia sumaria presentadas por las partes.

**IV.**

Por los fundamentos que anteceden, se *revoca* la *Sentencia* apelada. Se devuelve al Tribunal de Primera Instancia, Sala Superior de Carolina, para la continuación de los procedimientos, conforme a lo aquí dispuesto.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones